IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SADAKA T. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | )CIVIL ACTION NO. 2:15cv664-MHT-TFM | |
| | ) | (WO) |
| VELMA TINSLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Sadaka T. Davis ("Davis") claims he was unlawfully arrested on September 18, 2014, in violation of his civil rights. Specifically, Davis asserts that he was unlawfully arrested based on a warrant signed by Defendant Velma Tinsley, the City of Clanton Municipal Court Clerk. Davis seeks $1,000,000.00 in damages.

Now pending before the court is a Motion for Leave to Proceed In Forma Pauperis filed by Davis.   Doc. 2.   Upon consideration of the Motion, it is

ORDERED that the Motion for Leave to Proceed In Forma Pauperis is GRANTED.

This court's review of the Complaint, however, indicates that dismissal of Davis' claims pursuant to 28 U.S.C. § 1915(e)(2)(B) is appropriate.

## II.   DISCUSSION

Davis has filed several lawsuits in this court related to an incident occurring on September 16, 2014, when William Roebuck ("Roebuck") attempted to repossess Davis' girlfriends' car.   A disagreement between Roebuck and Davis occurred, resulting in each individual swearing out a complaint against the other.   Davis was arrested on a warrant issued by City of Clanton Municipal Court Clerk Tinsley on a charge of harassment and, on October 28, 2014, he was tried and acquitted by the municipal court judge. *See* Complaint and Attachments; Doc. 7 in Civil Action No. 2:15cv665-MHT; Doc. 13-1 in Civil Action No. 2:14cv1064-MHT; Complaint and Doc. 25-1 in Civil Action No. 2:14cv986-WKW.

The present lawsuit is one of five cases Davis has filed in this court arising from the repossession incident and subsequent arrest. *See* Civil Action Nos. 2:14cv986-WKW (against the Clanton Police Department, Officer Daniel Eric Smitherman, and Katrina Caver (for her acts as magistrate with regard to the charges against Roebuck)); 2:14cv1001-MHT (against Roebuck); 2:14cv1064-MHT (against Municipal Court Judge Jackson); and 2:15cv665-MHT-SRW (against Katrina Caver for notarizing the arrest warrant).   In state court, Davis also sued the police department, Smitherman, and Caver in state court.   See Doc. 61-1 and 61-3 in Civil Action No. 2:14cv986-WKW (Complaint and Order of Dismissal in Case No. CV-20140999948.00 in the Circuit Court of Chilton

County).

In this case, Davis asserts that Tinsley violated his constitutional rights by signing the warrant for his arrest.   It is clear that Tinsley's official action in signing the warrant is part of her duties as a municipal court clerk.   "Judges have absolute immunity from civil actions for the performance of judicial acts as long as they are not done in the clear absence of jurisdiction." *See Jenkins v. Clerk of Court*, 150 Fed. Appx. 988, 990 (11th Cir. 2005) (citing *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994)).   In other words, a municipal court judge is entitled to absolute immunity from damages for actions taken in his official capacity, even when his actions are allegedly erroneous, malicious, or in excess of his jurisdiction.   *Wuyisa v. City of Miami Beach*, ___ Fed. Appx. ___, 2015 WL 3484326, at *2 (11th Cir., June 3, 2015) (citing *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)).   This immunity extends to a municipal court clerk performing duties integrally related to the judicial process. *See Jenkins*, 150 Fed. Appx. at 990.   *See also In re Sandra Tubbs v. City of Greensboro*, 948 So.2d 540 (Ala. 2006) (holding that absolute judicial immunity extends to municipal court clerks or magistrates); *Foster v. Walsh*, 864 F.2d 416 (6th Cir. 1988) (clerk of municipal court who issued erroneous bench warrant was absolutely immune from liability). Therefore, Tinsley has absolute immunity for signing the arrest warrant against Davis.   Consequently, this case is due to be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Finally, it is

ORDERED that the parties shall file any objections to the said Recommendation on or before November 6, 2015.   Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.   *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).   *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).   *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of October, 2015.

_____/s/Terry F. Moorer_____
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE